PARTIDO NUEVO PROGRESISTA, representado por su SECRETARIO GENERAL, RAFAEL "JUNE" RIVERA, recurrido, *v.* COMITÉ LOCAL PNP GURABO, por conducto de VIMARIE PEÑA DÁVILA, RAFAEL RODRÍGUEZ RIVERA, RACHELY RIVERA SANTANA y VÍCTOR ROSA PÉREZ, y LEGISLATURA MUNICIPAL, por conducto de su presidenta, HON. MARÍA E. RODRÍGUEZ ORTIZ, peticionarios.

*Número:* CC-2017-0109      *Resuelto:* 7 de abril de 2017

*Javier F. Aponte Reyes*, abogado de la legislatura municipal, parte peticionaria.

SALA DE DESPACHO integrada por la JUEZA PRESIDENTA ORONOZ RODRÍGUEZ, la JUEZA ASOCIADA SEÑORA PABÓN CHARNECO y el JUEZ ASOCIADO SEÑOR FELIBERTI CINTRÓN.

## RESOLUCIÓN

Atendida la petición de *certiorari* presentada por la parte peticionaria, *se provee "no ha lugar".*

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un voto particular de conformidad.

*(Fdo.)* Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*

— O —

Voto particular de conformidad emitido por la Jueza Presidenta Oronoz Rodríguez.

Estoy conforme con denegar el recurso ante nuestra consideración, pues a mi juicio el foro apelativo intermedio interpretó correctamente las disposiciones legales en cuestión. La enmienda al Art. 9.006(4) de la Ley Electoral de Puerto Rico (Ley Electoral) —la cual dispuso que la vacante al puesto de alcalde surgida por "renuncia, muerte, destitución, incapacidad total y permanente o por *cualquier otra causa*" será cubierta mediante elección especial, (énfasis suplido) 16 LPRA sec. 4146— es altamente incompatible con el Art. 3.003 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (Ley de Municipios Autónomos), que señala que la vacante surgida cuando un alcalde no haya juramentado será cubierta por nombramiento del comité local del partido al que pertenezca el alcalde que no juramentó. 21 LPRA sec. 4103. En escenarios como estos, en los que distintas disposiciones aplicables a un mismo asunto resultan dudosas, debemos interpretarlas de forma conjunta y armónica. *Departamento Hacienda v. Telefónica*, 164 DPR 195, 204–205 (2005).

Desde esa perspectiva, no me persuade la sugerencia de los peticionarios de que en esta coyuntura debía predominar la Ley de Municipios Autónomos, tanto por su carácter especial como porque, desde sus orígenes, esta ley reguló en disposiciones separadas las causales mediante las cuales puede surgir una vacante al puesto de alcalde. En primer lugar, es menester destacar que la Ley Electoral goza también de su propia especialidad, en tanto existe para regular en detalle todo el andamiaje electoral de nuestra democracia. *P.S.P., P.P.D., P.I.P. v. Romero Barceló*, 110 DPR 248, 262 (1980). Por esa razón, está revestida de una dimensión constitucional puesto que regula la voluntad del

pueblo expresada mediante el sufragio electoral. *McClintock v. Rivera Schatz*, 171 DPR 584, 597–598 (2007). Resulta un argumento un tanto conveniente que, para efectos de esta controversia de índole electoral, se pretenda recurrir a los preceptos de la Ley de Municipios Autónomos en abstracción de aquellos específicamente incluidos en la Ley Electoral y que, a partir de 2014, también versan sobre las vacantes a puestos municipales.

En segundo lugar, la estructura legislativa mediante la cual la Ley de Municipios Autónomos regula en disposiciones separadas las distintas causales de vacantes al puesto de alcalde solo sería determinante si de ésta se desprendiera que el legislador contempló, no solo causales de vacantes distintas, sino métodos distintos para cubrirlas. Sin embargo, no fue así, pues a pesar de regular en artículos separados las diversas causales, el método contemplado en la Ley de Municipios Autónomos para cubrirlas era uniforme, independientemente del tipo de causal que fuera. Es decir, previo a las enmiendas de 2014 a la Ley Electoral y a la Ley de Municipios Autónomos, el método para llenar las vacantes al puesto de alcalde consistía en un nombramiento por parte del comité local del partido al que perteneciera el alcalde cuya vacante se pretendía cubrir.([1]) Es

---

([1]) Al examinar con detenimiento los artículos de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (Ley de Municipios Autónomos), previo a las enmiendas de 2014, resulta que el método para llenar las vacantes al puesto de alcalde era uniforme, ya fuera porque el alcalde *no tomara posesión* (Art. 3.003 [21 LPRA ant. sec. 4103]), *renunciara a su puesto* (Art. 3.004 [21 LPRA ant. sec. 4104]) o *falleciera, fuera destituido, se incapacitara o por alguna otra causa surgiera una vacante permanente* (Art. 3.005 [21 LPRA ant. sec. 4105]). En todos estos escenarios, la vacante a la alcaldía se cubría mediante un nombramiento del comité local del partido que hubiese elegido al alcalde cuya vacante se pretendía cubrir. Sin embargo, a través de la Ley Núm. 239-2014, la Asamblea Legislativa enmendó el Art. 9.006(4) de la Ley Electoral para disponer que las vacantes por renuncia, muerte, destitución, incapacidad total y permanente o *por cualquier otra causa* se cubrirán mediante *elección especial*, salvo que esa vacante ocurra en año electoral, en cuyo caso se cubriría mediante nombramiento del comité local del partido. 16 LPRA sec. 4146(4). Mediante esta ley, la Asamblea Legislativa enmendó, además, el Art. 3.004 de la Ley de Municipios Autónomos para disponer también que la vacante surgida por motivo de *renuncia* se cubrirá mediante *elección especial*, exceptuando a su vez aquellos casos en los que la vacante surgiera en un año electoral, cuando se cubriría mediante nombramiento del comité local del partido. Al

sensato concluir que, al variar el método para cubrir tales vacantes en el 2014, el legislador quiso mantener esa uniformidad y, más importante aún, promover un procedimiento más democrático y participativo para atender circunstancias como la ocurrida en el municipio de Gurabo.([2])

enmendarse el Art. 3.004 de la Ley de Municipios Autónomos, quedó enmendado implícitamente el Art. 3.005, pues este dispone que las vacantes surgidas por las causales allí contenidas "será[n] cubierta[s] en la forma dispuesta en [el Artículo 3.004]". 21 LPRA sec. 4105. Así las cosas, permaneció inalterado el Art. 3.003 de la Ley de Municipios Autónomos, que dispone que la vacante surgida cuando un *alcalde electo no tome posesión* ha de cubrirse mediante nombramiento del comité local del partido que eligió al alcalde. De ahí surgió la controversia de este caso, pues parecieron haberse diferenciado los métodos contemplados para cubrir las vacantes surgidas en una alcaldía. A mi juicio, una lectura integral de todas estas disposiciones lleva a la conclusión de que, según la normativa establecida a partir de 2014, el único escenario en el cual el comité local de un partido político tendría la facultad de cubrir una vacante a una alcaldía, sin convocar a una elección especial, es cuando esa vacante ocurre en un año electoral. 16 LPRA sec. 4146(4); 21 LPRA secs. 4104-4105. Esto se justifica a los efectos de evitar una elección especial previa a una elección ordinaria en un mismo año, escenario que no tenemos ante nuestra consideración. La incongruencia entre el método de elección especial dispuesto en los Arts. 9.006(4) de la Ley Electoral, 3.004 y 3.005 de la Ley de Municipios Autónomos, vis a vis el método relegado en el Art. 3.003 (según el cual el comité local del partido realiza de primera instancia un nombramiento para llenar la vacante cuando un alcalde no ha juramentado al cargo) torna forzosa la preeminencia del primero por constituir el método que más plausiblemente contempló el legislador para cualquier vacante a la alcaldía fuera de un año electoral.

([2]) La vacante que existía en la Alcaldía de Gurabo se cubrió recientemente mediante el procedimiento dispuesto en la Ley Electoral.